## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**ANGELA K. DAVIS,**

      **Plaintiff,**

**v.**                           **CASE NO:**

**CITIBANK, N.A.,**

      **Defendant.**

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, ANGELA K. DAVIS, (hereinafter "Plaintiff" or "Ms. Davis"), a Florida resident, by and through the undersigned counsel, hereby sues Defendant, CITIBANK, N.A. (hereinafter "Defendant," or "Citi") and alleges:

## INTRODUCTION

1.    The Plaintiff brings this action against Defendant, her current employer, seeking to recover damages for unlawful discrimination based on race and disability, as well as violations of equal pay provisions, in violation of her rights under 42 U.S. CODE § 1981; the Equal Pay Act of 1963, 29 U.S.C. § 206(d) ("EPA"); and Chapter 760 of the Florida Statutes, the Florida Civil

Rights Act of 1992, as amended, § 760.10 et seq. ("FCRA").

2.　　As further set forth below, Plaintiff alleges that Defendant unlawfully discriminated against her, altered the terms, conditions, and privileges of her employment because of her race and disabilities, and engaged in discriminatory compensation practices in violation of her rights under 42 U.S. CODE § 1981, the EPA, and the FCRA.

3.　　As a direct and proximate result of Defendant's unlawful actions, Plaintiff has suffered actual damages including, but not limited to, loss of income, loss of opportunity for future income, loss of benefits, denial of promotion opportunities, and loss of future pay increases. In addition, she has suffered and continues to suffer the loss of her professional and personal reputation, emotional distress, mental anguish, embarrassment, and humiliation.

4.　　Plaintiff has incurred costs and attorney's fees in bringing this matter..

## JURISDICTION AND VENUE

6.　　This Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331 and 1343 and 42 U.S.C. § 2000e-5. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367(a)

and the principles of pendent jurisdiction.

7.      This Court has jurisdiction to grant declaratory relief, declare the rights and legal relations of the parties, and order further relief pursuant to 28 U.S.C. §§ 2201 and 2202.

8.      Venue is proper in the United States District Court for the Middle District of Florida, Tampa Division, pursuant to 28 U.S.C. §§ 1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiff's claims herein occurred within this District and Division and pursuant to 42 U.S.C. § 2000e-5(f)(3) because the unlawful employment practices out of which Plaintiff's claims herein arise were committed within this District and Division. All facts and circumstances arising from this dispute took place in Hillsborough County, Florida.

## PARTIES

9.      Plaintiff is a 50-year-old African American female with disabilities including diabetes, fibroid issues, severe depression and anxiety, and a condition requiring iron infusions.

10.     Plaintiff is a member of classes protected against discrimination based on her race and disabilities under 42 U.S. CODE § 1981, the EPA, and the FCRA.

11.    Since December 13, 2022, Defendant has employed and continues to employ Plaintiff as a VP Data Privacy Lead Analyst in the Enterprise Chief Data Office, Data Privacy & Use Enablement department.

12.    At all times material herein, Plaintiff met the definitions of "employee" and "eligible employee" under all applicable federal and state statutes.

13.    At all times material herein, Plaintiff was and continues to be an employee entitled to protection as defined by 42 U.S. CODE § 1981, the EPA, and the FCRA.

14.    The Defendant, CITIBANK, N.A., is principally located at 3800 Citigroup Center Drive, Tampa, FL 33610.

15.    At all times material herein, Defendant regularly conducted, and continues to conduct, business throughout Hillsborough County, Florida.

16.    At all times material herein, Defendant employed and continues to employ more than 3,000 employees and meets the definition of "employer" under all applicable federal and state statutes including, but not limited to, 42 U.S. CODE § 1981, the EPA, and the FCRA.

17.    Accordingly, Defendant is liable under 42 U.S. CODE § 1981, the EPA, and the FCRA for the unlawful discrimination to which it subjected

Plaintiff.

## ADMINISTRATIVE PREREQUISITES

18.    Plaintiff has properly exhausted all administrative prerequisites prior to filing the instant lawsuit.

19.    On April 17, 2024, Plaintiff timely dual filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Relations ("FCHR") against Defendant alleging, among other things, discrimination based on her race and disabilities, as well as violations of the Equal Pay Act.

20.    More than one hundred eighty (180) days have elapsed since the filing of Plaintiff's Charge of Discrimination and the FCHR has not conciliated or determined whether there is reasonable cause. Therefore, Plaintiff is entitled to bring her FCRA claims in the instant civil action against Defendant and jurisdiction is proper in this Court. See §§ 760.11(4)(a) and 760.11(8), Florida Statutes.

21.    All conditions precedent to bringing this action have been performed or have occurred.

## GENERAL ALLEGATIONS

22.    On December 13, 2022, Plaintiff began working for Defendant as

a VP Data Privacy Lead Analyst/Data Privacy Senior Manager, reporting directly to Catherine Nance Patrick.

23.    At all times during her employment, Plaintiff performed her job duties in a satisfactory or above-satisfactory manner, including leading critical projects such as the UKI process implementation.

24.    On September 9, 2022, Plaintiff applied for a Senior Vice President (SVP) position with Defendant (Req ID: 22523298). Despite her qualifications, on October 12, 2022, Defendant denied Plaintiff the SVP position, citing an alleged "lack of privacy experience" and instead directed her to apply for a lower-level Vice President position.

25.    Defendant's stated reason for denying Plaintiff the SVP position was pretextual, as evidenced by Defendant's promotion of other, non-African American employees to SVP positions despite their lack of required privacy experience, including Erica Diaz and Sharron Fanse.

26.    On December 13, 2022, Plaintiff was hired as a VP Data Privacy Lead Analyst/Data Privacy Senior Manager (Req ID: 22537370) at a salary of $128,000, with an expected bonus of $5,000. This compensation was substantially less than that paid to similarly situated male employees performing equal work requiring equal skill, effort, and responsibility under

similar working conditions.

27.    Upon information and belief, when Plaintiff started in December 2022, the SVP team consisted of five members, including Plaintiff: four Senior Vice Presidents (SVPs), one Vice President (Plaintiff), and one Director (Catherine). Plaintiff was the only Black female on the team. Despite having comparable or greater privacy experience than her colleagues, non-African American employees were promoted to SVP positions while Plaintiff was denied similar advancement opportunities.

28.    Throughout her employment, Plaintiff was systematically excluded from strategic meetings that were essential to her role and responsibilities. This exclusion prevented Plaintiff from fully participating in important decisions and hindered her ability to perform her job effectively.

29.    Plaintiff's supervisor, Catherine Nance Patrick, engaged in a pattern of discriminatory behavior, including:

    a.    Deliberately delaying review of Plaintiff's work

    b.    Subjecting Plaintiff to excessive criticism and scrutiny

    c.    Applying different standards to Plaintiff compared to non-African American colleagues

       d.     Removing job responsibilities from Plaintiff without justification

       e.     Engaging in public humiliation and harassment of Plaintiff

30.   In February 2023, Plaintiff began leading the UKI process, demonstrating her capability and leadership skills. Despite her successful management of this project, Plaintiff was required to train higher-ranking employees, a requirement not imposed on similarly situated non-African American employees.

31.   In November 2023, Plaintiff reported discrimination concerns to HR after experiencing ongoing discriminatory treatment. Despite her formal complaint, Defendants failed to take appropriate corrective action.

32.   In December 2023, Plaintiff received a "Needs Improvement" (4) rating on her performance evaluation, despite her demonstrated success in leading critical projects and initiatives. This rating affected her compensation and professional advancement opportunities.

33.   As a result of the discriminatory rating, Plaintiff was denied a $5,000 bonus and merit increase, while similarly situated non-African American employees received their bonuses and increases.

34.   Plaintiff suffers from several medical conditions, including

diabetes, fibroid issues, and severe depression and anxiety, which qualify as disabilities under applicable law. Despite requesting reasonable accommodation, including specific lunch timing before 12:00 pm and allowances for medical appointments, Defendants failed to properly accommodate these disabilities.

35.     From March 26 to June 3, 2024, Plaintiff took a medical leave of absence due to the severe emotional distress and anxiety caused by the discriminatory treatment she experienced in the workplace.

36.     On June 24, 2024, following Plaintiff's return from medical leave, her management was changed to Uel Coulter, but the discriminatory treatment continued.

37.     As a direct result of Defendants' discriminatory actions, Plaintiff has suffered:

      a.     Lost wages and benefits

      b.     Loss of promotional opportunities

      c.     Loss of professional reputation

      d.     Emotional distress and mental anguish

      e.     Exacerbation of her medical conditions

      f.     Economic damages from denied bonuses and merit

increases

38.    On April 17, 2024, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC Charge No.: 511-2024-01113).

39.    Throughout her employment, Plaintiff has been paid less than similarly situated non-African American employees performing substantially similar work. Upon information and belief, non-African American employees in similar positions are compensated within the higher range of the salary band ($103,920.00 - $155,880.00 USD Annual), while Plaintiff's salary remains at $128,000.00 annually despite her qualifications and experience.

40.    Plaintiff holds multiple professional certifications relevant to her position, including Certified Scrum Master (CSM), Certified Scrum Product Owner (CSPO), One Trust Privacy Professional (May 2023), and Cookie Consent Expert (June 2023). Despite these qualifications, Defendants continue to deny Plaintiff opportunities for advancement and equal compensation afforded to non-African American employees.

41.    The discriminatory treatment Plaintiff has experienced has created a severe and pervasive hostile work environment that continues to

affect her physical and mental well-being, requiring ongoing medical treatment with multiple healthcare providers including Kinsler Psychology, Dr. Miriam Behdarvandi, and Psychiatric Nurse Latisha Blanchard.

42.    Plaintiff continues to suffer damages as a result of Defendants' discriminatory actions, including unpaid overtime, ongoing emotional distress, and diminished career advancement opportunities. These damages are continuing in nature as Plaintiff remains employed by Defendants and continues to experience discrimination in her workplace.

<u>COUNT I</u>
**VIOLATION OF 42 U.S. CODE § 1981**
**FOR DISCRIMINATION ON THE BASIS OF RACE**

43.    Plaintiff alleges, realleges, and incorporates by reference all allegations set forth in each of the preceding Paragraphs 1 through 42 of this Complaint as though fully set forth herein.

44.    42 U.S. Code § 1981 - Equal rights under the law - makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment based on that person's race.

45.    Plaintiff is a 50-year-old African American female and a member of a protected class and protected by 42 U.S. Code § 1981 from discrimination based on her race.

46.    At all times material herein, Defendants were and are "employers" within the meaning of 42 U.S. Code § 1981.

47.    The actions and inaction of Defendants, by and through the conduct of their employees, supervisors, managers, and agents, as more particularly described hereinabove, constitute unlawful discrimination based on Plaintiff's race.

48.    As her employers, Defendants were obligated to guard against the discrimination of Plaintiff by her co-workers, supervisors, managers, and other agents of Defendants and to protect Plaintiff from discrimination in the workplace.

49.    Defendants violated 42 U.S. Code § 1981 by, among other things:

    a.    Denying Plaintiff promotion to SVP position while promoting non-African American employees with similar or less experience;

    b.    Systematically excluding Plaintiff from strategic meetings essential to her role;

    c.    Subjecting Plaintiff to different terms and conditions of employment than similarly situated non-African American employees;

d.  Failing to promptly correct discriminatory conduct toward Plaintiff once they learned of it;

e.  Paying Plaintiff less than similarly situated non-African American employees; and

f.  Retaliating against Plaintiff for reporting discrimination.

50.  Plaintiff, by being subjected to this discrimination by Defendants, was unreasonably and negatively affected in the terms, conditions, and privileges of her employment with Defendants.

51.  The conduct of Defendants, by and through their employees, supervisors, managers, and other agents, and Defendants' failure to exercise reasonable care to prevent and/or to take prompt and effective investigative and remedial action to prevent the discrimination of Plaintiff, deprived her of statutory rights under 42 U.S. Code § 1981.

52.  Plaintiff can establish that she suffered damages because of unlawful discrimination in violation of 42 U.S. Code § 1981.

53.  Defendants fostered, condoned, accepted, ratified and/or otherwise failed to prevent or remedy discriminatory conduct due to race.

54.  Defendants are liable for the discrimination alleged herein. These actions all adversely affected the terms and conditions of Plaintiff's

employment in violation of 42 U.S. Code § 1981.

55.     As a direct, proximate, and foreseeable result of Defendants' aforementioned actions and omissions, Plaintiff has suffered, continues to suffer, and will suffer the following:

      a.    Lost wages and benefits, past and future;

      b.    Lost earning capacity;

      c.    Loss of $5,000 bonus and merit increase;

      d.    Loss of promotional opportunities;

      e.    Noneconomic damages, including, but not limited to, pain and suffering, mental anguish, loss of dignity, loss of the capacity for the enjoyment of life, and irreparable damage to her professional reputation; and

      f.    Other economic losses proximately caused and allowable under 42 U.S. Code § 1981, according to proof.

56.     Defendant's unlawful discriminatory actions constitute reckless, malicious, willful, and wanton violations of 42 U.S. Code § 1981 for which Plaintiff is entitled to an award of punitive damages.

WHEREFORE, the Plaintiff, ANGELA K. DAVIS, requests trial by jury of all issues so triable as of right, demands judgment against the Defendants,

CITIGROUP, INC. and CITIBANK, N.A., and in favor of Plaintiff, and respectfully requests that this Court grant the following relief:

**A.** Grant judgment in favor of Plaintiff and declare that Defendants have violated 42 U.S. Code § 1981 by discriminating against Plaintiff based on her race;

**B.** Award sufficient remedial relief to make Plaintiff whole for the individual loss that she has suffered because of Defendants' discrimination against her, including, but not limited to, front pay in lieu of reinstatement, full backpay with interest, pension and related benefits, and any other appropriate nondiscriminatory measures to overcome the effects of the discrimination she has endured;

**C.** Award compensatory damages to Plaintiff in a sum that will properly and completely compensate Plaintiff for the nature, extent, and duration of the injuries and damages caused by Defendants' discriminatory conduct and actions, pursuant to and within the statutory limitations of 42 U.S. Code § 1981;

**D.** Award punitive damages to Plaintiff because of Defendants' reckless, malicious, willful, wanton, and unlawful

discriminatory actions in violation of 42 U.S. Code § 1981;

E.      Award Plaintiff all other damages available under 42 U.S. Code
§ 1981, including, but not limited to, the damages set forth above
and other economic losses proximately caused and allowable
under 42 U.S. Code § 1981, according to proof;

F.      Award Plaintiff pre- and post-judgment interest;

G.      Award Plaintiff her attorneys' fees, including litigation expenses,
and the costs of this action; and

H.      Grant such other and further relief as this Court may deem just
and proper.

## COUNT II
### VIOLATION OF THE EQUAL PAY ACT
### (29 U.S.C. § 206(d))

57.     Plaintiff alleges, realleges, and incorporates by reference all
allegations set forth in each of the preceding Paragraphs 1 through 42 of this
Complaint as though fully set forth herein.

58.     At all times material hereto, Defendant has been an "employer"
within the meaning of the Fair Labor Standards Act and the Equal Pay Act
of 1963, 29 U.S.C. § 206(d).

59.     Defendant discriminated against Plaintiff on the basis of sex by

paying her at a rate less than it paid male employees for equal work on jobs the performance of which required equal skill, effort, and responsibility, and which were performed under similar working conditions.

60.    Specifically, Defendant hired Plaintiff at a lower VP position and salary of $128,000.00 despite her qualifications for an SVP role, while male employees with similar or lesser qualifications were hired or promoted into SVP positions with substantially higher compensation.

61.    Throughout Plaintiff's employment, Defendant maintained discriminatory compensation practices, including:

a)    Paying male employees higher wages for performing substantially equal work;

b)    Denying Plaintiff expected bonuses and raises while providing them to similarly situated male employees;

c)    Promoting less qualified male employees to higher-paying positions while denying Plaintiff similar opportunities; and

d)    Maintaining a discriminatory pay structure that systematically compensated female employees at lower rates than male employees for equal work.

62.     Defendant's discriminatory wage practices were willful, as evidenced by:

      a)    Defendant's actual knowledge of the requirements of the Equal Pay Act;

      b)    Defendant's pattern of promoting and compensating male employees more favorably;

      c)    Defendant's pretextual explanation that the SVP role was "no longer available" when directing Plaintiff to accept a lower-paying position; and

      d)    Defendant's continued maintenance of discriminatory pay practices despite Plaintiff's complaints and qualifications.

63.     As a direct and proximate result of Defendant's willful violations of the Equal Pay Act, Plaintiff has suffered substantial losses in compensation and employment benefits, for which she is entitled to recover:

      a)    Back pay in an amount to be determined at trial;

      b)    Liquidated damages in an amount equal to her unpaid compensation;

      c)    Prejudgment and post-judgment interest;

      d)    Reasonable attorneys' fees and costs; and

e)    Such other relief as this Court deems just and proper.

WHEREFORE, Plaintiff Angela K. Davis respectfully requests that this Court grant the following relief:

A.    A declaration that Defendant's practices complained of herein violate the Equal Pay Act, Title VII of the Civil Rights Act of 1964, and the Americans with Disabilities Act;

B.    A permanent injunction enjoining Defendant, its officers, agents, employees, assigns and all persons in active concert or participation with them from engaging in discriminatory pay practices and any other employment practices which discriminate on the basis of sex, race, and disability;

C.    Back pay in the form of lost wages, including the pay differential between Plaintiff and similarly situated male employees, lost bonuses, and lost benefits, plus prejudgment interest;

D.    An additional equal amount as liquidated damages for Defendant's willful violations of the Equal Pay Act;

E.    Front pay in lieu of reinstatement to an appropriate position;

F.    Compensatory damages for emotional distress, mental anguish, loss of dignity, and other intangible injuries;

**G.**    Punitive damages for Defendant's malicious and reckless conduct;

**H.**    An order requiring Defendant to implement and maintain policies, practices, and programs that provide equal employment opportunities and prevent discrimination based on sex, race, and disability;

**I.**    Reasonable attorneys' fees and costs of this action, including expert witness fees;

**J.**    Post-judgment interest; and

**K.**    Such other and further relief as this Court deems just and proper.

## <u>COUNT III</u>
## VIOLATIONS OF THE FLORIDA CIVIL RIGHTS ACT
### Race Discrimination

64.    Plaintiff alleges, realleges, and incorporates by reference all allegations set forth in each of the preceding Paragraphs 1 through 42 of this Complaint as though fully set forth herein.

65.    The Florida Civil Rights Act (FCRA), Fla. Stat. § 760.10, prohibits employers from discriminating against an employee based on race, including through disparate treatment in hiring, promotion, compensation, and terms and conditions of employment.

66.    Plaintiff is an African American woman who was qualified for and applied for a Senior Vice President (SVP) position with Defendant on September 9, 2022 (Req ID: 22523298).

67.    Despite Plaintiff's extensive experience, leadership skills, and professional certifications, Defendant denied her promotion to the SVP position on October 12, 2022, claiming she lacked privacy experience and instead directed her to apply for a lower-level Vice President position.

68.    Defendant's stated reason for denying Plaintiff the SVP role was pretextual because:

    a.    Plaintiff possessed equal or superior qualifications compared to non-African American employees promoted to SVP positions.

    b.    Erica Diaz and Sharron Fanse, who lacked the required privacy experience, were promoted to SVP positions over Plaintiff.

    c.    Upon information and belief, when Plaintiff started in December 2022, the SVP team consisted of five members, including Plaintiff: four Senior Vice Presidents (SVPs), one Vice President (Plaintiff), and one Director (Catherine).

Plaintiff was the only Black female on the team. Despite having comparable or greater privacy experience than her colleagues, non-African American employees were promoted to SVP positions while Plaintiff was denied similar advancement opportunities.

69.    Plaintiff was hired as a VP Data Privacy Lead Analyst/Data Privacy Senior Manager (Req ID: 22537370) on December 13, 2022, with a salary of $128,000.00 and an expected $5,000 bonus. This compensation was substantially lower than that paid to similarly situated non-African American employees performing equal or lesser work.

70.    Throughout her employment, Plaintiff was subjected to disparate treatment based on race, including:

a.    Exclusion from strategic meetings essential to her role and professional development, preventing her from fully participating in key decision-making.

b.    Excessive scrutiny, public humiliation, and work obstruction by her supervisor, Catherine Nance Patrick.

c.    Unwarranted removal of job responsibilities compared to non-African American colleagues.

    d.    Deliberate delays in reviewing Plaintiff's work, imposing harsher standards on her than on non-African American employees.

    e.    Requiring Plaintiff to train higher-ranking employees, a requirement not imposed on similarly situated non-African American employees.

71.    Defendant further engaged in discriminatory pay practices by:

    a.    Denying Plaintiff a $5,000 bonus and merit increase in December 2023, while similarly situated non-African American employees received full bonuses and salary increases.

    b.    Maintaining a pay disparity, where non-African American employees in comparable positions were compensated within the higher range of the salary band ($103,920 - $155,880 annually), while Plaintiff's salary remained at $128,000.00.

72.    The disparate treatment continued after Plaintiff's management changed to Uel Coulter in June 2024, demonstrating a persistent pattern of discrimination that was not tied to a specific supervisor but was instead

systemic.

73.     Defendant's discriminatory actions were intentional and willful and created a severe and pervasive hostile work environment that adversely affected Plaintiff's physical and mental well-being, requiring ongoing medical treatment.

74.     As a direct and proximate result of Defendant's disparate treatment, Plaintiff has suffered and continues to suffer:

    a.     Lost wages and benefits due to discriminatory compensation practices.

    b.     Loss of promotional opportunities and career stagnation.

    c.     Damage to her professional reputation and career trajectory.

    d.     Emotional distress and mental anguish caused by Defendant's systemic exclusion and unequal treatment.

    e.     Exacerbation of her medical conditions, requiring continued medical care.

WHEREFORE, the Plaintiff, ANGELA K. DAVIS, requests trial by jury of all issues so triable as of right, demands judgment against the Defendants, CITIGROUP, INC. and CITIBANK, N.A., and in favor of Plaintiff, and

respectfully requests that this Court grant the following relief:

A.    Grant judgment in favor of Plaintiff and declare that Defendant has violated the Florida Civil Rights Act;

B.    Award sufficient remedial relief to make Plaintiff whole for the individual losses she has suffered, including but not limited to front pay in lieu of reinstatement, full backpay with interest, and any other appropriate measures to overcome the effects of the discrimination and retaliation she has endured;

C.    Award compensatory damages to Plaintiff in an amount that will fully, justly, and reasonably compensate her for the nature, extent, and duration of her injuries caused by Defendant's unlawful conduct;

D.    Award Plaintiff pre- and post-judgment interest calculated at the prevailing rate as provided by law;

E.    Award Plaintiff her reasonable attorneys' fees, expert witness fees, and costs of this action; and

F.    Grant such other and further relief as this Court may deem equitable, just, and proper.

**COUNT IV**

## VIOLATIONS OF THE FLORIDA CIVIL RIGHTS ACT
### Disability Discrimination

75.    Plaintiff alleges, realleges, and incorporates by reference all allegations set forth in each of the preceding Paragraphs 1 through 42 of this Complaint as though fully set forth herein.

76.    The Florida Civil Rights Act (FCRA), Fla. Stat. § 760.10, prohibits employers from discriminating against employees based on their disabilities, including by failing to provide reasonable accommodations and subjecting them to adverse employment actions due to their disabilities.

77.    Plaintiff is an individual with disabilities as defined by the FCRA, as she suffers from diabetes, fibroid issues, severe depression, and anxiety, all of which substantially limit one or more major life activities.

78.    Plaintiff's disabilities require reasonable accommodations, including:

a.    A specific lunch timing before 12:00 PM to manage her diabetes.

b.    Allowances for medical appointments, including iron infusions at a cancer center.

79.    Plaintiff disclosed her disabilities and accommodation needs to

Defendant, yet Defendant failed to engage in the interactive process and denied her reasonable accommodations.

80.    In addition to failing to accommodate Plaintiff's disabilities, Defendant subjected her to adverse employment actions, including:

      a.    Excessive scrutiny, public humiliation, and obstruction of her work by her supervisor, Catherine Nance Patrick.

      b.    Deliberate exclusion from strategic meetings necessary for her role, impeding her ability to perform her job effectively.

      c.    Unjustified removal of job responsibilities compared to non-disabled colleagues.

      d.    Unwarranted delays in reviewing Plaintiff's work, imposing harsher standards than those applied to non-disabled employees.

81.    The hostile work environment and discriminatory treatment exacerbated Plaintiff's medical conditions, causing severe emotional distress and requiring her to take a medical leave of absence from March 26 to June 3, 2024.

82.    Following her return from medical leave on June 24, 2024,

Defendant continued to engage in discriminatory practices, including:

a.  Reassigning Plaintiff's management to Uel Coulter, yet continuing the same pattern of discrimination.

b.  Persisting in excluding Plaintiff from essential workplace communications and decision-making.

c.  Failing to restore her previously assigned job responsibilities despite her demonstrated ability to perform her role.

83.  Defendant's discriminatory actions were intentional, willful, and in reckless disregard of Plaintiff's legal right to a workplace free from disability-based discrimination.

84.  As a direct and proximate result of Defendant's disability discrimination, Plaintiff has suffered and continues to suffer:

a.  Lost wages and benefits due to discriminatory compensation practices.

b.  Denial of promotional opportunities and career advancement.

c.  Damage to her professional reputation and career trajectory.

    d.    Emotional distress and mental anguish caused by Defendant's exclusion, humiliation, and denial of accommodations.

    e.    Exacerbation of her medical conditions, requiring continued medical treatment and therapy.

WHEREFORE, the Plaintiff, ANGELA K. DAVIS, requests trial by jury of all issues so triable as of right, demands judgment against the Defendants, CITIGROUP, INC. and CITIBANK, N.A., and in favor of Plaintiff, and respectfully requests that this Court grant the following relief:

    A.    Grant judgment in favor of Plaintiff and declare that Defendant has violated the FCRA by discriminating against Plaintiff based on her gender;

    B.    Award sufficient remedial relief to make Plaintiff whole for the individual loss that she has suffered because of Defendant's discrimination against her, including, but not limited to, front pay in lieu of reinstatement, full backpay with interest, pension and related benefits, and any other appropriate nondiscriminatory measures to overcome the effects of the discrimination he has endured;

C.    Award compensatory damages to Plaintiff in a sum that will properly and completely compensate Plaintiff for the nature, extent, and duration of the injuries and damages caused by Defendant's discriminatory conduct and actions, pursuant to and within the statutory limitations of the FCRA;

D.    Award Plaintiff all other damages available under the FCRA, including, but not limited to, the damages set forth above and other economic losses proximately caused and allowable under the FCRA, according to proof;

E.    Award Plaintiff pre- and post-judgment interest;

F.    Award Plaintiff her attorneys' fees, including litigation expenses, and the costs of this action; and

G.    Grant such other and further relief as this Court may deem equitable, just, and proper.

## **DEMAND FOR TRIAL BY JURY**

Plaintiff respectfully requests a trial by jury.

Date this 11th day of February 2025.

/s/ Jason W. Imler, Esq
Jason W. Imler
Florida Bar No. 1004422

Alberto "Tito" Gonzalez
Florida Bar No. 1037033
**Imler Law**
23110 State Road 54, Unit 407
Lutz, Florida 33549
(P): 813-553-7709
Jason@ImlerLaw.com
Tito@ImlerLaw.com
Tiffany@ImlerLaw.com
Attorneys for Plaintiff